FILED

08 JUL 29 PM 3:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ____ECL____ DEPUTY

1  RALPH A. CAMPILLO  (Bar No. 70376)
   ralph.campillo@sdma.com
2  MARIO HORWITZ (Bar No. 110965)
   mario.horwitz@sdma.com
3  ERIC A. JOHNSTON (Bar No. 243234)
   eric.johnston@sdma.com
4  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   801 South Figueroa Street, 18th Floor
5  Los Angeles, CA  90017-5556
   Telephone:  (213) 426-6900
6  Facsimile:  (213) 426-6921

7

8

   Attorneys for Defendant,
9  STRYKER CORPORATION
   erroneously sued as STRYKER, INC.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13

14  GREG CASAGRANDA,                    Case No. '08 CV 1370 BTM WMc

15            Plaintiff,                (State Court Case No. 37-2008-
                                        0085116-CU-PL-CTL)
16

17      vs.

18  STRYKER CORPORATION and             NOTICE OF REMOVAL OF
19  Does 1 through 20, inclusive,       ACTION PURSUANT TO 28 U.S.C.
                                        §§§ 1332, 1441 AND 1446 AND
20            Defendants.               DEMAND FOR TRIAL BY JURY

21

22

23      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

24  THE SOUTHERN DISTRICT OF CALIFORNIA:

25

26      PLEASE TAKE NOTICE that defendant Stryker Corporation, erroneously

27  sued and served as Stryker, Inc., hereby removes to this Court the action described

28  below.

                              1

                                        Case No.: _____

LA/823317v1

1       1.    On or about June 4, 2008, an action was commenced in the Superior

2  Court of the State of California, County of San Diego, entitled *Greg Casagranda,*

3  *plaintiff, v. Stryker, Inc. and Does 1 through 20, Inclusive, Defendants*, Superior

4  Court Case No. 37-2008-00085116-CU-PL-CTL. A true and correct copy of the

5  Complaint is attached hereto as Exhibit A.

6       2.    Defendant, Stryker Corporation, first received notice of said

7  Complaint on June 30, 2008, when defendant was served with a copy of the

8  Complaint, together with a Summons, a true and correct copy of which is attached

9  hereto as Exhibit B.

10      3.    Defendant Stryker Corporation is the only defendant named in the

11  Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28

12  U.S.C. §1446(b), as it has been filed within thirty (30) days of the receipt of the

13  Summons and Complaint by the first-served defendant.

14                  **PARTIES**

15      4.    Defendant is informed and believes that plaintiff Greg Casagranda is

16  now, and was at the time of the filing of the Complaint, and at all intervening

17  times, a citizen of and resident within the State of California.

18      5.    Defendant Stryker Corporation is now, and was at the time of the

19  filing of the Complaint, and at all intervening times, a corporation organized and

20  existing under the laws of the State of Michigan, with its principal place of

21  business in the State of Michigan.

22               **JURISDICTION**

23      6.    The United States District Court has subject matter jurisdiction and

24  removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and

25  1441(a), since this is a civil action between citizens of different states in which the

26  matter in controversy exceeds the sum or value of $75,000.00, exclusive of

27  interest and costs.

28      7.    Plaintiff Greg Casagranda alleges that he was injured by an artificial

2

Case No.: _____

LA/823317v1

1  hip prosthesis which caused him to suffer physical injury, which injuries caused
2  and continue to cause injuries including recurring pain, limited mobility, and
3  physical, mental, and emotional anguish. He further alleges that he was required
4  to undergo a second surgery to remove the hip prosthesis and replace it with a new
5  device. Plaintiff further alleges that his injuries will result in some permanent
6  disability. He alleges that as a consequence of the defective hip prosthesis, he
7  incurred medical expenses and has limited and decreased occupational functions.
8  Plaintiff prays for general damages, as well as special damages for medical
9  expenses and loss of earnings. Accordingly, based upon the allegations set forth
10  above, the amount in controversy exceeds $75,000, exclusive of interest and costs.

11      8.    For purposes of removal on the basis of diversity of citizenship, the
12  citizenship of defendants sued under fictitious names is disregarded (28 U.S.C.
13  §1441(a).

14      9.    In accordance with 28 U.S.C. §1446(a), defendant attaches, in
15  addition to the Summons and Complaint, copies of the following pleadings,
16  process and orders served upon it:

17          1.    Superior Court of California, County of San Diego, Civil Case
18  Cover Sheet (Exhibit C);

19          2.    Superior Court of California, County of San Diego, Notice of
20  Case Assignment (Exhibit D);

21          3.    Superior Court of California, County of San Diego, Stipulation
22  to Alternative Dispute Resolution Process (Exhibit E).

23          4.    Superior Court of California, County of San Diego, Notice to
24  Litigants/ADR Information Package (Exhibit F).

25      10.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is
26  being filed with the Clerk of the Superior Court of the State of California, County
27  of San Diego. Further, defendant is providing written notice of this Notice of
28  Removal by serving plaintiffs' counsel of record with a complete copy thereof.

3

Case No.: _____

LA/823317v1

1    WHEREFORE, Defendant hereby removes the action now pending in the

2   Superior Court of the State of California, County of San Diego, Case No. 37-2008-

3   00085116-CU-PL-CTL, to this Honorable Court.

4   <u>**DEMAND FOR TRIAL BY JURY**</u>

5        11.    Defendant Stryker Corporation hereby demands a trial by jury in this

6   action.

7

8   DATED:   July 29, 2008                      SEDGWICK, DETERT, MORAN &
                                                ARNOLD LLP
9

10                                              By: _____

11                                              Ralph A. Campillo
                                                Mario Horwitz
12                                              Eric A. Johnston
                                                Attorneys for Defendant,
13                                              STRYKER CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No.: _____

LA/823317v1

**EXHIBIT A**

1   KEVIN F. QUINN, ESQ.  SB#106224
    BRETT J. SCHREIBER. ESQ.  SB#239707
2   THORSNES BARTOLOTTA McGUIRE
    2550 Fifth Avenue, Eleventh Floor
3   San Diego, CA 92103
    Phone: (619) 236-9363    Fax: (619) 236-9653
4

5   Attorneys for Plaintiff GREG CASAGRANDA

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN DIEGO

10  GREG CASAGRANDA,                    CASE NO.  37-2008-00085116-CU-PL-CTL

11                Plaintiff,            COMPLAINT FOR:

12  v.                                  1. Strict Liability Product Defect
                                        2. Negligence
13  STRYKER, INC.; and DOES 1-20, Inclusive   3. Implied Warranty of Merchantability

14                Defendants.

15

16      COMES NOW Plaintiff GREG CASAGRANDA ["PLAINTIFF"] for causes of action

17  against Defendant STRYKER, INC. and DOES 1 through 20, Inclusive [collectively

18  "DEFENDANTS").  Plaintiff is informed and believes, and based thereon alleges, as follows:

19                         JURISDICTION AND PARTIES

20      1.      The acts and omissions alleged below occurred within the County of San Diego,

21  State of California.

22      2.      At all times relevant to this action, PLAINTIFF was a resident of the County of San

23  Diego, California.

24      3.      At all times relevant to this action, PLAINTIFF was employed full-time as a golf

25  instructor at The Hodges Golf Learning Center, located in the County of San Diego, California.

26      4.      PLAINTIFF is informed and believe, and based thereon alleges, that Defendant

27  STRYKER, INC. ["STRYKER"] is, and at all times herein mentioned was, a corporation

28  organized and existing under the laws of the State of Michigan and authorized to conduct business

                                        - 1 -

COMPLAINT                                                           443656.1

1  in the State of California. STRYKER is, and at all times herein mentioned was, conducting

2  business in the County of San Diego. STRYKER's past and present business activities for

3  commercial profit in the County of San Diego includes the provision of services and labor related

4  to the sale of medical devices to medical professionals and the general public.

5      5.    PLAINTIFF does not know the true names and capacities of Defendants sued

6  herein as DOES 1 through 20, Inclusive, and in accordance with Code of Civil Procedure Section

7  474, therefore sue these Defendants by the fictitious names of DOES 1 through 20, Inclusive.

8  Wherever this Complaint collectively refers to "Defendants," such reference shall mean and

9  include the DOE Defendants. PLAINTIFF will seek leave of this Court to amend this Complaint

10  to set forth the true names and capacities of the fictitiously-named Defendants after their true

11  identities and capacities become known.

12      6.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times

13  all Defendants were the agents, servants, representatives, partners or employees of each of their

14  Co-Defendants, and, in doing the things herein mentioned, were acting within the course and scope

15  of their authority as such agents, servants, representatives, partners or employees and with the

16  knowledge and ratification of each of their Co-Defendants.

17                          **FACTUAL ALLEGATIONS**

18      7.    STRYKER is, and all times herein mentioned was, in the business of designing,

19  manufacturing, distributing and selling medical devices, including hip replacement systems, for

20  use by medical professionals and consumers.

21      8.    STRYKER designed, manufactured, distributed and sold the Stryker Secur-Fit

22  Plus/Trident Arthroplasty System ("hip replacement system") which caused the injuries and

23  damages complained of herein.

24      9.    PLAINTIFF is informed and believes the hip replacement system which caused the

25  injuries and damages complained of herein was comprised of the following: an acetabular

26  component uncemented trident PSL with HA, an alumina ceramic liner, a Stryker Super Secur-Fit

27  Plus Size 10 x 16 with V40 taper 127 degree neck angle femoral stem, and related components.

28  ///

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE, ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 2 -

10. The hip replacement system which caused the injuries and damages complained of herein is classified as a Class II device by the U.S. Food and Drug Administration.

11. In February 2003, PLAINTIFF began suffering pain from a degenerative, arthritic right hip.

12. On November 15, 2005, Dr. Clifford Colwell ["Dr. Colwell"] performed a total right hip arthroplasty surgery on PLAINTIFF's using the aforementioned hip replacement system designed, manufactured, distributed and sold by STRYKER. Ceramic on ceramic hip replacement technology utilizes a pivoting ball and cap technology. The ceramic cap is lined with a metallic acetabular shell.

13. On December 27, 2005, Dr. Colwell told PLAINTIFF at a post-operation follow-up examination that the hip replacement surgery went successfully. Dr. Colwell noted excellent progress in PLAINTIFF's recovery. Dr. Colwell discharged PLAINTIFF from physical therapy sessions to a regimented home program.

14. In May 2006, PLAINTIFF reasonably discovered a slight squeak coming from his right hip area during movement. PLAINTIFF acted diligently in contacting Dr. Colwell immediately following discovery of the squeak.

15. On May 24, 2006, Dr. Colwell assured PLAINTIFF that squeaks occur in only a very small number of hip replacement patients. Dr. Colwell further assured PLAINTIFF that the squeak would likely go away in a few months. Dr. Colwell did not suggest, assert or otherwise indicate the hip replacement system was defective. Based on Colwell's statements, PLAINTIFF did not suspect, and at this time, had no reasonable basis to suspect that the hip replacement system was defective in any manner.

16. In August 2006, PLAINTIFF's condition worsened. The squeak became more frequent and audibly noticeable to others. PLAINTIFF also began experiencing occasional right thigh pain when he moved and occasionally while resting.

17. On April 12, 2007, PLAINTIFF sought additional orthopedic consultation regarding his squeaking right hip. Additional consultation confirmed that the squeak was caused

///

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 3 -

1    by the ceramic on ceramic hip replacement system designed, manufactured, distributed and sold by

2    STRYKER.

3    18.    On June 5, 2007 PLAINTIFF returned to Dr. Colwell for another follow-up

4    examination. Dr. Colwell could audibly hear the squeak and suggested that PLAINTIFF seek a

5    second hip replacement surgery using a ceramic on polyethyline hip replacement system.

6    PLAINTIFF decided to pursue the second operation. Dr. Colwell referred PLAINTIFF to Dr.

7    Richard D. Coutts for a second opinion.

8    19.    On July 11, 2007, Dr. Coutts recommended a second hip replacement surgery using

9    a metal on plastic, or ceramic on plastic hip replacement system.

10    20.    On August 20, 2007, PLAINTIFF went to Dr. James Bried, an associate of Dr.

11    Cohen, for an alternate opinion on how to proceed with the second operation. He reconfirmed that

12    the squeak was coming from the hip replacement system implanted in Plaintiff. Dr. Bried

13    recommended proceeding with a second operation.

14    21.    On October 9, 2007, Dr. Bried performed the second hip replacement surgery at

15    Pomerado Hospital using a ceramic on plastic hip replacement system. Dr. Bried discovered

16    unusual signs of wearing and rubbing on components of the hip replacement system removed from

17    PLAINTIFF.

18    22.    An October 9, 2007 histology report analyzing PLAINTIFF's right hip muscle

19    tissue showed numerous histiocytes with metal debris therein. This metal debris came from the

20    original ceramic hip replacement system's acetabular shell. The ball and cap components of the

21    hip replacement system were rubbing against one another, causing the metal debris to become

22    lodged in PLAINTIFF's right hip tissue.

23    23.    Following the October 9, 2007 surgery, PLAINTIFF was immobilized for two

24    months following the operation. He began physical therapy on November 28, 2007.

25    24.    PLAINTIFF's squeaking has been resolved. He has resumed employment as a golf

26    instructor. PLAINTIFF's mobility has decreased dramatically, limiting his ability to perform

27    occupational functions. In addition, PLAINTIFF has suffered and continues to suffer pain,

28    difficulty and disability with respect to his activities of daily living.

- 4 -

COMPLAINT

443656.1

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

25. The metal debris lodged in PLAINTIFF's right hip has destroyed all cartilage in his right hip. X-Rays revealed that PLAINTIFF's left, weight bearing hip was nearly dislocated due to the stress caused by PLAINTIFF's malfunctioning right hip. PLAINTIFF is further informed and believes that the metal debris causing these injuries is inoperable and will lead to further injuries in the future including, but not limited to, complete hip failure.

26. PLAINTIFF is informed and believes, and based thereon alleges, that a third hip replacement surgery may be required in the future to properly correct PLAINTIFF's injuries.

27. PLAINTIFF has suffered serious and permanent injuries as a result of STRYKER's defective hip replacement system, including but not limited to recurring pain, limited mobility, and severe physical, mental, and emotional anguish.

28. PLAINTIFF has incurred and will continue to incur expenses for future medical care, treatment, therapy and related services. A third hip replacement operation will require longer physical therapy and recovery time than either of the first two operations. Plaintiff does not presently know the value of these expenses. PLAINTIFF will seek leave of this Court to amend this Complaint to set forth the true amount of said losses when the same have been ascertained or will prove the same at the time of trial.

29. PLAINTIFF has sustained a loss of past earnings and is informed and believes that he will suffer loss of future earnings and future earning capacity. PLAINTIFF does not know the value of these losses and will seek leave of this Court to amend this Complaint to set forth the true amount of said losses when the same have been ascertained or will prove the same at the time of trial.

## FIRST CAUSE OF ACTION

### (Strict Liability Product Defect - Alleged Against DEFENDANTS)

30. PLAINTIFF realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 as though fully set forth herein.

31. DEFENDANTS are commercial sellers engaged in the business of designing, selling, manufacturing and/or distributing hip replacement systems, including the one implanted in Plaintiff, into the stream of commerce.

- 5 -

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363 FAX (619) 236-9653

1    32.   The hip replacement system which caused the injuries and damages complained of

2   herein contained a manufacturing defect, differing from the product's design or specifications,

3   when it left DEFENDANTS' possession.

4    33.   The hip replacement system which caused the injuries and damages complained of

5   herein did not perform as safely as an ordinary consumer would have expected at the time of use.

6    34.   The design benefits of DEFENDANTS' hip replacement system were outweighed

7   by the risks of that design for reasons including, but not necessarily limited to, the foreseeable

8   gravity of the potential harm which would result from use of the product; the likelihood that such

9   harm would occur; the feasibility of economically practical safer designs.

10    35.   DEFENDANTS' hip replacement system had potential risks that were known, or

11   knowable by the use of available scientific knowledge, at the time of its design and manufacturing.

12    36.   The potential risks associated with DEFENDANTS' hip replacement system

13   presented a substantial danger to its users, including Plaintiff..

14    37.   Ordinary consumers, such as PLAINTIFF, would not have reasonably recognized

15   the potential risks associated with DEFENDANTS' hip replacement system.

16    38.   DEFENDANT failed to adequately warn of the potential risks associated with its

17   hip replacement system.

18    39.   PLAINTIFF used DEFENDANTS' hip replacement system in a way that was

19   reasonably foreseeable to DEFENDANTS.

20    40.   At its time of use by PLAINTIFF, DEFENDANTS' defective hip replacement

21   system was in the same, or substantially the same, condition as when it left DEFENDANTS'

22   possession.

23    41.   The manufacturing defect, defective design, and lack of sufficient warnings

24   associated with DEFENDANTS' hip replacement system were all substantial factors in causing

25   PLAINTIFF's injuries and damages as alleged in this Complaint.

26   ///

27   ///

28   ///

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 6 -

443656.1

## SECOND CAUSE OF ACTION

### (Negligence - Alleged Against DEFENDANTS)

42. PLAINTIFF realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43. At all times herein mentioned, DEFENDANTS had a duty to design, test, develop, manufacture, fabricate, assemble, distribute, warn, instruct, buy, sell, inspect, control, service, repair, market, warrant, supply, modify, and/or provide the hip replacement system causing PLAINTIFF's injuries in a reasonable manner.

44. DEFENDANTS knew, or in the exercise of reasonable care should have known, that the hip replacement system was not designed, tested, developed, manufactured, fabricated, assembled, distributed, bought, sold, inspected, controlled, serviced, repaired, marketed, warranted, supplied, modified, and/or provided in a reasonable manner; and that the warnings and instructions provided with the product, if any, were not reasonable.

45. DEFENDANTS negligently, carelessly, and/or recklessly designed, tested, developed, manufactured, fabricated, assembled, distributed, warned, instructed, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, modified, and/or provided the hip replacement system in a manner so as to legally cause PLAINTIFF, who was a reasonably foreseeable user operating the appliance in a reasonably foreseeable manner, the injuries and damages complains of herein.

46. As a direct and proximate result of DEFENDANTS' negligence, PLAINTIFF suffered severe bodily and mental injuries including, but not limited to, pain, suffering, and emotional distress.

## THIRD CAUSE OF ACTION

### (Implied Warranty of Merchantability - Alleged Against DEFENDANTS)

47. PLAINTIFF realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 46 as though fully set forth herein.

48. DEFENDANTS expressly and/or impliedly warranted to PLAINTIFF, and to that class of people who would normally be expected to use and/or operate the hip replacement system

- 7 -

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363 FAX (619) 236-9653

1  that the product was of merchantable quality and production, free from design and manufacturing

2  defects, and safe for the uses for which it was intended.

3      49.    PLAINTIFF is informed and believes, and based thereon alleges, that

4  DEFENDANTS breached the above-described express and/or implied warranties, in that the hip

5  replacement system was not of merchantable quality and production, was not free from design and

6  manufacturing defects, and was not safe for the uses for which it was intended.

7      50.    As a direct and proximate result of DEFENDANTS' breach, PLAINTIFF suffered

8  severe bodily and mental injuries including, but not limited to, pain, suffering, and emotional

9  distress.

10                          **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff GREG CASAGRANDA prays for judgment against Defendant

12  STRYKER, INC., and DOES 1 through 20, Inclusive, as follows:

13      1.    Special damages –including, but not limited to, past and future medical expenses,

14  loss of earnings and earning capacity to PLAINTIFF, and incidental expenses– according to proof

15  at trial;

16      2.    General damages in an amount to be proven at the time of trial;

17      3.    Pre-judgment interest;

18      4.    Costs of suit herein incurred; and

19      5.    Such other and further relief as the court may deem just and proper.

20

21  Dated:  June 4, 2008

22

23                              THORSNES BARTOLOTTA McGUIRE

24

25                          By:
                                KEVIN F. QUINN, ESQ.
26                              BRETT J. SCHREIBER, ESQ.
                                Attorneys for Plaintiff
27

28

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE ELEVENTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363  FAX (619) 236-9653

- 8 -

COMPLAINT                                                        443656.1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6148 |

PLAINTIFF(S) / PETITIONER(S):   Greg Casagranda

DEFENDANT(S) / RESPONDENT(S):   Stryker, Inc.

CASAGRANDA VS. STRYKER, INC.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00085116-CU-PL-CTL |
|---|---|

Judge:  Richard E. L. Strauss                              Department: C-75

**COMPLAINT/PETITION FILED:** 06/04/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                    **NOTICE OF CASE ASSIGNMENT**                    Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:    Central | |

PLAINTIFF(S):    Greg Casagrande

DEFENDANT(S): Stryker, Inc.

SHORT TITLE:    CASAGRANDA VS. STRYKER, INC.

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00085116-CU-PL-CTL |
|---|---|

Judge: Richard E. L. Strauss                                    Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                       Name of Defendant

Signature                               Signature

Name of Plaintiff's Attorney            Name of Defendant's Attorney

Signature                               Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 06/04/2008                        _____
                                         JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION    Page 1

3

 

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00085116-CU-PL-CTL     CASE TITLE: Casagranda vs. Stryker, Inc.

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court



**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference Judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

Arrow                                                                    Page 1 of 1

FROM: Wendy Mayorga (213)337-4815
CT - Los Angeles SOP Team
818 West Seventh Street

Los Angeles, CA 90017

TO:     **Curtis Hall (269)329-2100**
        **Stryker Corporation**
        **2825 Airview Boulevard**

        **Portage, MI 49002**
Ref: SOP/0413900/613656474/Wendy Mayorga

**FedEx Revenue Barcode**

CAD#: 8318649
SHIP DATE: 30JUN08
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)          ** 2DAY **

TRK # 7905 3630 7005     FORM            GRR
                         02D1

49002  -MI-US

**WED
AA**
Deliver by:
02JUL08

# SA AZOA

CLS05X008

# EXHIBIT B

6/30/08 8:15am

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*[FOR COURT USE ONLY]*
*(SOLO PARA USO DE LA CORTE)*

CIVIL E...
C:

2008 JUN -4 P 4: 12

C:

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STRYKER, INC.; and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREG CASAGRANDA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
330 West Broadway

San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 2008-00085116-CU-PL-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN F. QUINN, ESQ./BRETT J. SCHREIBER, ESQ.    619-236-9363    619-236-9653
THORSNES BARTOLOTTA McGUIRE
2550 Fifth Avenue, Suite 1100
San Diego, CA 92103

DATE:
*(Fecha)* JUN 0 4 2008

Clerk, by _J. Walters_, Deputy
*(Secretaria)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [X] as an individual defendant. Stryker Inc.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [X] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| KEVIN F. QUINN, ESQ. SB#106224<br>BRETT J. SCHREIBER, ESQ. SB#239707<br>THORSNES BARTOLOTTA McGUIRE<br>2550 Fifth Avenue, Suite 1100<br>San Diego, CA 92103<br>TELEPHONE NO.: 619-236-9363   FAX NO.: 619-236-9653<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>CIVIL BUSINESS OFFICE 9<br>CENTRAL DIVISION<br><br>2008 JUN -4 P 4 12<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

CASE NAME: CASAGRANDA V. STRYKER, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded  (Amount demanded<br>exceeds $25,000)  is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2008-00085116-CU-PL-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)

- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): THREE

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 4, 2008

KEVIN F. QUINN/BRETT J. SCHREIBER
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                          CIVIL CASE COVER SHEET                 Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                          Cal. Standards of Judicial Administration, std. 3.10
                                                                                          SD-CV69

**EXHIBIT D**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:        330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER: (619) 685-6148

PLAINTIFF(S) / PETITIONER(S):    Greg Casagranda

DEFENDANT(S) / RESPONDENT(S): Stryker, Inc.

CASAGRANDA VS. STRYKER, INC.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00085116-CU-PL-CTL |
|---|---|

Judge:  Richard E. L. Strauss                         Department: C-75

**COMPLAINT/PETITION FILED:** 06/04/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL
REQUIREMENTS LISTED BELOW.**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH
THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN
PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have
    requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals,
    petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-
    345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any
    other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff
    may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request
    default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION,
INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION
SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.
SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE
MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES
HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP
1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359
PRIOR TO THAT HEARING

# EXHIBIT E

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:    Central | |

PLAINTIFF(S):   Greg Casagranda

DEFENDANT(S): Stryker, Inc.

SHORT TITLE:   CASAGRANDA VS. STRYKER, INC.

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2008-00085116-CU-PL-CTL |
|---|---|

Judge: Richard E. L. Strauss                                        Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                     ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                                   ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                               ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____            Date: _____

_____            _____
Name of Plaintiff                                        Name of Defendant

_____            _____
Signature                                                  Signature

_____            _____
Name of Plaintiff's Attorney                        Name of Defendant's Attorney

_____            _____
Signature                                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 08/04/2008                              _____
                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

3

**EXHIBIT F**

 

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00085116-CU-PL-CTL    CASE TITLE: Casagranda vs. Stryker, Inc.

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR -- i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court



**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**PROOF OF SERVICE**

1

2       I am a resident of the State of California, over the age of eighteen years, and
not a party to the within action. My business address is Sedgwick, Detert,
3   Moran & Arnold LLP, 801 South Figueroa Street, 18th Floor, Los Angeles,
California 90017-5556. On July 29, 2008, I served the within document(s):

4
       **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.**
5       **§§ 1332, 1441 AND 1446 AND DEMAND FOR JURY TRIAL**

6       ☐    FACSIMILE - by transmitting via facsimile the document(s) listed
            above to the fax number(s) set forth on the attached
7            Telecommunications Cover Page(s) on this date before 5:00 p.m.

8       ☒    MAIL - by placing the document(s) listed above in a sealed envelope
            with postage thereon fully prepaid, in the United States mail at Los
            Angeles, California addressed as set forth below.
9
        ☐    OVERNIGHT COURIER - by placing the document(s) listed above
10           in a sealed envelope with shipping prepaid, and depositing in a
            collection box for next day delivery to the person(s) at the address(es)
11           set forth below via .

12   Kevin F. Quinn, Esq.                        Attorney For Plaintiff
     Brett J. Schreiber, Esq.                    Greg Casagranda
13   THORSNES BARTOLOTTA
     McGUIRE
14   2550 Fifth Avenue, Eleventh Floor
     San Diego, California 92103
15   Telephone: (619) 236-9363
     Facsimile: (619) 236-9653

16

17      I am readily familiar with the firm's practice of collection and processing
     correspondence for mailing. Under that practice it would be deposited with the
18   U.S. Postal Service on that same day with postage thereon fully prepaid in the
     ordinary course of business. I am aware that on motion of the party served,
19   service is presumed invalid if postal cancellation date or postage meter date is
     more than one day after date of deposit for mailing in affidavit.

20
        I declare that I am employed in the office of a member of the bar of this
21   court at whose direction the service was made.

22      Executed on July 29, 2008, at Los Angeles, California.

23

24                                        _____
                                                  Jeanine Johnson
25

26

27

28

                                    5

                                                    Case No.: _____
LA/823317v1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153481     — TC**

**July 29, 2008
15:45:28**

**Civ Fil Non-Pris**
USAO #.: 08CV1370
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC70589

**Total—> $350.00**

FROM: GREG CASAGRANDA
        VS
        STRYKER CORP

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

**I. (a) PLAINTIFFS**
CASAGRANDA, GREG

**DEFENDANTS**
08 JUL 29 PM 3:33
STRYKER CORPORATION (erroneously sued and served as Stryker, Inc.)

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1370 BTM WMc
BY: _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Kalamazoo County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin F. Quinn (SBN 106224)
THORNES BARTOLOTTA McGUIRE
2550 Fifth Avenue, Eleventh Floor
San Diego, CA  92103
Tel: (619) 236-9363

Attorneys (If Known)
Mario Horwitz (SBN 110965)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017
Tel: (213) 426-6900

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C., Section 1441
Brief description of cause:
Diversity of Citizenship

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE
July 28, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 153481    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

SAL 7/29/08

CSDJS44

ORIGINAL

FAXED

CR